IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| B.M., individually and on behalf of C.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS and BLUE SHIELD,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS COMPLAINT**<br><br>Case No. 1:22-cv-00098-JNP-JCB<br><br>District Judge Jill N. Parrish |

Through this action, B.M., individually and on behalf of C.M., a minor ("Plaintiff"), asserts that Anthem Blue Cross Life and Health Insurance Company ("Anthem" or "Defendant") wrongfully denied a claim for benefits in violation of the Employee Retirement Income Security Act of 1974. 29 U.S.C. § 101 *et seq*. ("ERISA"). Before the court at this time is Anthem's Partial Motion to Dismiss Complaint. ECF No. 33 ("Motion" or "Mot."). For the reasons set out below, Anthem's Motion is **GRANTED**.

## BACKGROUND

This matter generally relates to Anthem's denial of benefits under the Cornerstone Employer Solutions Health & Welfare Plan, *see* ECF No. 33-1 ("Plan"), a self-funded employee welfare benefits plan covered by ERISA. ECF No. 2 ¶ 2 ("Complaint" or "Compl."). After Anthem denied claims for payment of C.M.'s medical expenses in connection with her treatment at a residential treatment facility, Compl. ¶¶ 4-5, 17, Plaintiff brought this action, which includes claims pleaded under 29 U.S.C. § 1132(a)(1)(B), *id*. at 12, and 29 U.S.C. §1132(a)(3). *Id*. at 13.

Defendant moves for dismissal of Plaintiff's first claim (under 29 U.S.C. § 1132(a)(1)(B)) on the ground that it is barred by a one-year limitations period contained in the Plan. Mot. at 2. Plaintiff, in response, argues that (i) an alternative provision in the Plan provides a three-year limitations period; (ii) the Plan language is ambiguous as to which of the limitations provisions ought to govern, and that the terms of the Plan should therefore be interpreted *contra proferentem*; or (iii) the first claim ought not be dismissed at the motion-to-dismiss stage as a result of such ambiguity. See ECF No. 34 ("Opp'n Mem.").

## LEGAL STANDARD

Dismissal of a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where the plaintiff fails to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The complaint must allege more than labels or legal conclusion and its factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

Generally, limitations that establish a period of time within which a claimant must file suit in court to challenge a denial of benefits under ERISA are enforceable. *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105-06 (2013) ("Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts

to run before the cause of action accrues, as long as the period is reasonable."). Such a contractual limitation acts as a sort of statute of limitations. The parties agree that the Plan establishes such a temporal limitation for Plaintiff's first cause of action, but they disagree about which provision in the contract applies here.

Generally, "[t]he statute of limitations is an affirmative defense that must be raised by the defendant." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (citing *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018)). "Typically, facts must be developed to support dismissing a case based on the statute of limitations. . . . But '[a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Id.* (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks omitted)). "If from the complaint, 'the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is . . . a question of law' suitable for resolution at the motion to dismiss stage." *Id.* (quoting *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995)).

Here, because the relevant dates on which pertinent acts occurred are not in dispute, the accrual of the applicable statute of limitations may be determined by the court at the present stage of litigation. Additionally, because Plaintiff's Complaint refers to and relies on the Plan, and because the authenticity of the Plan is not in dispute, this court refers to and considers the language of the Plan without converting Anthem's Motion into a motion for summary judgment. *Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014) ("A district court may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic

3

when resolving a motion to dismiss without converting the motion to one for summary judgment.").

"In interpreting an ERISA plan, [we] examine[] the plan documents as a whole and, if unambiguous, construe[] them as a matter of law." *Miller v. Monumental Life Ins. Co.*, 502 F.3d 1245, 1250 (10th Cir. 2007) (citation omitted). "'Ambiguity exists where a plan provision is reasonably susceptible to more than one meaning, or where there is uncertainty as to the meaning of the term.' [] In order to determine whether a plan is ambiguous, we consider the 'common and ordinary meaning as a reasonable person in the position of the [plan] participant, not the actual participant, would have understood the words to mean.'" *Id*. (citations omitted).

With respect to Plaintiff's first claim, brought under 29 U.S.C. § 1132(a)(1)(B), *see* Compl. at 12, the parties point to two Plan provisions, both contained in the section entitled "Grievance and External Review Procedures." *See* Plan at 94-97. The first contender for the Plan-provided statute of limitations for claims such as Plaintiff's first cause of action provides as follows:

> If we deny your appeal and you are a member of a group plan governed by the Employee Retirement Income Security Act (ERISA), *You have the right to bring a civil action in federal court under ERISA Section 502(a)(1)(B) within one year of the appeal decision*. In any case, if we deny your appeal, you may voluntarily request a second appeal by writing to the address above.

Plan at 95 (emphasis added).[1] The second contender—the one proposed by Plaintiff—provides that Plan participants "may not take legal action against us to receive benefits . . . [l]ater than three years after the date the claim is required to be furnished to us." *Id*. at 97. This second provision is

---

[1] The Plan language refers to "ERISA Section 502(a)(1)(B)." This provision is codified at 29 U.S.C. § 1132(a)(1)(B). These two terms may be used interchangeably to refer to the same statutory provision, and there is no significance to the court's election to use one term or the other at any point.

4

found about one and a half pages after the one-year provision and is under the header "Legal Action." Because the three-year clause is headered "Legal Action," Plaintiff contends that it is more likely to receive proper attention from the average Plan participant. *See* Opp'n Mem. at 3-4. And, because it is more likely to receive such attention, Plaintiff contends that allowing any other interpretation would run afoul of statutory and regulatory mandates requiring that plan use language "calculated to be understood by the average plan participant." 29 U.S.C. § 1022(a); *accord* 29 C.F.R. § 2520.102-2(a) ("The summary plan description shall be written in a manner calculated to be understood by the average plan participant and shall be sufficiently comprehensive to apprise the plan's participants and beneficiaries of their rights and obligations under the plan.").

Secondarily, Plaintiff argues that, because the one-year limitation clause is presented in permissive, rather than mandatory language, it is less likely to be understood by Plan participants to limit when claims can be brought. Opp'n Mem. at 5. As a last line of defense, Plaintiff argues that the Plan language is ambiguous, meaning that either (a) its provisions should be construed against the interests of the insurer (i.e., *contra proferentem*) and in favor of the insured, *or* (b) that disposal of the claim at the motion-to-dismiss stage would be inappropriate. *Id*. at 6.

Because the court determines, as a matter of law, that the Plan is not ambiguous, it is not necessary to determine whether the doctrine of *contra proferentem* applies, or whether the Plan administrator is entitled to interpretive deference regarding the construction of the Plan terms, as Anthem asserts. *See* ECF No. 37 at 7 ("Reply Mem."). Neither the use of the permissive "may," nor the relative positioning of the two clauses, creates ambiguity as to the limitations provision applicable to claims brought under ERISA Section 502(a)(1)(B). Therefore, the Plan language does not violate statutory or regulatory mandates for clarity in Plan language.

The Plan itself provides a clear interpretive rule for understanding the relationship between the two clauses and ameliorates any perceived tension between them. The court is satisfied that the average Plan participant would understand how this heuristic ought to be applied to the two clauses. In particular, the Plan, in the final paragraph under the header "Reservation of Discretionary Authority," indicates, in a general discussion regarding the determination of "questions arising under the [Plan]," that "[a] specific limitation or exclusion will override more general benefit language." Plan at 114.[2]

This court is obliged to hew to the directives of Plan documents and the instructions they offer for understanding the Plan to ensure the orderly and straightforward administration of benefits. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300-301 (2009); *Ellis v. Liberty Life Assurance Co.*, 958 F.3d 1271, 1287 (10th Cir. 2020) (quoting *Heimeshoff*, 571 U.S. at 108) ("[T]he 'focus on the written terms of the plan is the linchpin of a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place.'").

By applying this interpretive rule, effect can be given to both provisions. The one-year limitation may apply to claims brought under ERISA Section 502(a)(1)(B), while the three-year catchall provision applies to *other* benefits claims, such as those identified by Anthem in reply. *See*

---

[2] The issue of the appropriate temporal limitation to be applied to bringing civil suits appealing the denial of ERISA appeals may not perfectly fold into "benefit language," but this interpretive provision nonetheless stands for the proposition that particular Plan terms override more general ones. This general principle also comports with the maxim of Anglo-American contract law that specific terms override general language. Restatement (Second) of Contracts, § 203(c); *Cummings v. AT&T Corp. (In re Universal Serv. Fund Tele. Billing Practice Litig.)*, 619 F.3d 1188, 1218 (10th Cir. 2010); *Abraham v. Rockwell Int'l Corp.*, 326 F.3d 1242, 1254 (Fed. Cir. 2003); *State v. Bruun*, 2017 UT App 182, ¶ 26, 405 P.3d 905.

Reply Mem. at 3; Plan at 4. That the Plan mandates that actions to receive benefits *generally* may not be brought later than three years after a claim is required to be furnished cannot erase the *more specific* preceding limitation that ERISA Section 502(a)(1)(B) actions in particular must be brought within one year of the appeal decision.

In this case, the provisions at issue can be neatly reconciled, and there is no need to (and, in fact, the text is not susceptible to any proffered interpretation which would) read provisions out of the text of the Plan. As a result, the Plan is not ambiguous as a matter of law, *Miller*, 502 F.3d at 1250, and a reasonable Plan participant would understand that a claim brought under ERISA Section 502(a)(1)(B), like Plaintiff's first cause of action, is covered by the one-year limitations period.

### CONCLUSION & ORDER

For the foregoing reasons, Anthem's Partial Motion to Dismiss Complaint, ECF No. 33, is **GRANTED**.

DATED January 31, 2024.

BY THE COURT

Jill N. Parrish
United States District Court Judge